IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRISTINA GERSZTEN,

      Plaintiff(s),                    08cv1280
                                                          **ELECTRONICALLY FILED**

  v.

UNIVERSITY OF PITTSBURGH
CANCER INSTITUTE CANCER
CENTERS,

      Defendant(s).

## FINAL JURY INSTRUCTIONS

### I.    GENERAL INSTRUCTIONS.

NOW THAT YOU HAVE HEARD THE EVIDENCE AND THE

ARGUMENT, IT IS MY DUTY TO INSTRUCT YOU ON THE LAW.

INITIALLY, WE HAVE GIVEN YOU COPIES OF THE SPECIAL

VERDICT FORM ON WHICH YOU WILL ANSWER SPECIFIC

QUESTIONS. PLEASE TAKE A FEW MINUTES TO READ THE FORM,

AS THE INSTRUCTIONS I AM ABOUT TO GIVE YOU WILL HELP YOU

ANSWER THOSE QUESTIONS.

AS JUDGES OF THE FACTS, IT IS YOUR DUTY TO DETERMINE

FROM THE EVIDENCE WHAT ACTUALLY HAPPENED IN THIS CASE,

APPLYING THE LAW AS I NOW EXPLAIN IT.  YOU MUST CONSIDER

MY INSTRUCTIONS AS A WHOLE; DO NOT DISREGARD OR GIVE

SPECIAL ATTENTION TO ANY ONE INSTRUCTION; AND DO NOT

QUESTION THE WISDOM OF ANY RULE OF LAW OR RULE OF

EVIDENCE I STATE.  IN OTHER WORDS, DO NOT SUBSTITUTE YOUR

OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO

BE.

IF I HAVE REFERRED TO THE FACTS OR THE PARTIES'

CONTENTIONS, IT WAS ONLY TO PLACE THE EVIDENCE AND

ARGUMENTS IN PERSPECTIVE.  IF I ASKED ANY QUESTIONS OF

ANY WITNESSES OR OF THE ATTORNEYS, IT WAS TO CLARIFY

MATTERS I FELT SHOULD HAVE BEEN CLARIFIED, AND NOT IN ANY

WAY TO INDICATE THE COURT'S OPINION ABOUT THE FACTS OR

THE TESTIMONY OF THE WITNESS.  MY OPINION ABOUT THE FACTS

AND THE PARTIES' CONTENTIONS IS NOT IMPORTANT BECAUSE

YOU, AND YOU ALONE, ARE THE SOLE FINDERS OF THE FACTS.

## II.   EVIDENCE.

<u>WHAT IS EVIDENCE</u>

I HAVE MENTIONED THE WORD "EVIDENCE."  THE "EVIDENCE" IN THIS CASE CONSISTS OF THE TESTIMONY OF WITNESSES, THE DOCUMENTS AND OTHER PHYSICAL ITEMS, IF ANY, RECEIVED AS EXHIBITS, AND ANY FACTS STIPULATED BY THE PARTIES.

<u>EXHIBITS</u>

COUNSEL FOR THE PLAINTIFF AND THE DEFENDANT HAVE AGREED TO THE LEGAL ADMISSIBILITY OF VARIOUS EXHIBITS. THIS MEANS THAT THESE EXHIBITS MEET THE REQUIREMENTS OF THE RULES OF EVIDENCE AND THEREFORE HAVE BEEN ADMITTED FOR YOUR CONSIDERATION. THIS DOES NOT MEAN THAT THE PARTIES AGREE AS TO THE INFERENCES OR CONCLUSIONS THAT YOU SHOULD OR MAY DRAW FROM ANY EXHIBIT.

STIPULATIONS OF FACT ARE FILED

THE PARTIES HAVE AGREED, OR STIPULATED, TO CERTAIN
FACTS AS BEING TRUE AND THOSE STIPULATIONS HAVE BEEN
PLACED ON THE RECORD IN THIS TRIAL.  YOU MUST TREAT ANY
STIPULATIONS OF FACT AS HAVING BEEN PROVED FOR THE
PURPOSES OF THIS CASE.


WHAT IS NOT EVIDENCE

THE FOLLOWING THINGS ARE NOT EVIDENCE:

1.  STATEMENTS, ARGUMENTS, QUESTIONS AND COMMENTS
BY THE LAWYERS ARE NOT EVIDENCE.

2.  LIKEWISE, OBJECTIONS ARE NOT EVIDENCE.  LAWYERS
HAVE EVERY RIGHT TO OBJECT WHEN THEY BELIEVE SOMETHING
IS IMPROPER.  YOU SHOULD NOT BE INFLUENCED BY THE
OBJECTION.  IF I SUSTAINED AN OBJECTION TO A QUESTION, YOU
MUST IGNORE THE QUESTION AND MUST NOT TRY TO GUESS
WHAT THE ANSWER MIGHT HAVE BEEN.

3.  ANY TESTIMONY THAT I ORDERED STRICKEN FROM THE
RECORD, OR TOLD YOU TO DISREGARD, IS NOT EVIDENCE AND

YOU MUST NOT CONSIDER ANY SUCH MATTER.

4.  ANYTHING YOU SAW OR HEARD ABOUT THIS CASE
OUTSIDE THE COURTROOM IS NOT EVIDENCE. YOU MUST DECIDE
THE CASE ONLY ON THE EVIDENCE PRESENTED HERE IN THE
COURTROOM. DO NOT LET RUMORS, SUSPICIONS, OR ANYTHING
ELSE THAT YOU MAY SEE OR HEAR OUTSIDE OF COURT
INFLUENCE YOUR DECISION IN ANY WAY.


EVIDENCE, INFERENCES AND COMMON SENSE

WHILE YOU MAY CONSIDER ONLY THE EVIDENCE IN THE
CASE IN ARRIVING AT YOUR VERDICT, YOU ARE PERMITTED TO
DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY
AND EXHIBITS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF YOUR
COMMON EXPERIENCE, REASON AND COMMON SENSE.


DIRECT AND CIRCUMSTANTIAL EVIDENCE

IN THIS REGARD, YOU MAY CONSIDER EITHER DIRECT OR
CIRCUMSTANTIAL EVIDENCE.  "DIRECT EVIDENCE" IS THE
TESTIMONY OF SOMEONE WHO ASSERTS ACTUAL KNOWLEDGE OF

A FACT, SUCH AS AN EYEWITNESS.  "CIRCUMSTANTIAL EVIDENCE"

IS PROOF OF A CHAIN OF FACTS AND CIRCUMSTANCES FROM

WHICH YOU MAY INFER THAT SOMETHING EITHER DID OR DID NOT

HAPPEN. THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT

TO BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.

IT REQUIRES ONLY THAT YOU WEIGH ALL OF THE EVIDENCE AND

BE CONVINCED THAT THE PARTY HAS MET THE BURDEN OF PROOF

BY A PREPONDERANCE OF THE EVIDENCE BEFORE YOU RETURN A

VERDICT FOR THAT PARTY.

BIAS, SYMPATHY AND PREJUDICE

YOU MAY NOT ALLOW SYMPATHY OR PERSONAL FEELINGS

TO INFLUENCE YOUR DETERMINATION.  YOUR DUTY IS TO DECIDE

THE CASE SOLELY ON THE BASIS OF THE EVIDENCE OR LACK OF

EVIDENCE AND THE LAW AS I HAVE INSTRUCTED YOU, WITHOUT

BIAS, PREJUDICE OR SYMPATHY FOR OR AGAINST THE PARTIES

OR THEIR COUNSEL.  BOTH THE PARTIES AND THE PUBLIC EXPECT

THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF

THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE

COURT, AND REACH A JUST VERDICT REGARDLESS OF THE

CONSEQUENCES.


EQUAL STANDING

YOU SHOULD CONSIDER THIS CASE AS AN ACTION BETWEEN

PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL

WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS OF LIFE.

A CORPORATE ENTITY, SUCH AS THE CANCER CENTERS, AND A

PRIVATE INDIVIDUAL ARE BOTH ENTITLED TO THE SAME FAIR

TRIAL AT YOUR HANDS.  THAT IS, ALL PARTIES ARE TO BE DEALT

WITH AS EQUALS IN A COURT OF JUSTICE.


EVIDENCE ADMITTED FOR A LIMITED PURPOSE

IN CERTAIN INSTANCES EVIDENCE MAY BE ADMITTED ONLY

FOR A PARTICULAR PURPOSE AND NOT GENERALLY FOR ALL

PURPOSES.  WHENEVER EVIDENCE WAS ADMITTED FOR A LIMITED

PURPOSE, CONSIDER IT ONLY FOR THAT PURPOSE, AND NO

OTHER PURPOSE.

NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY

YOU ARE NOT REQUIRED TO ACCEPT ANY TESTIMONY, EVEN THOUGH THE TESTIMONY IS UNCONTRADICTED AND THE WITNESS IS NOT IMPEACHED.  YOU MAY DECIDE, BECAUSE OF THE WITNESS'S BEARING AND DEMEANOR, BECAUSE OF THE INHERENT IMPROBABILITY OF HIS OR HER TESTIMONY, OR BECAUSE OF OTHER REASONS SUFFICIENT TO YOU, THAT SUCH TESTIMONY IS NOT WORTHY OF BELIEF.


JURORS' NOTES

YOUR NOTES ARE NOT EVIDENCE IN THE CASE AND MUST NOT TAKE PRECEDENCE OVER YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE.  NOTES ARE ONLY AN AID TO YOUR RECOLLECTION AND ARE NOT ENTITLED TO GREATER WEIGHT THAN YOUR RECOLLECTION OF WHAT THE EVIDENCE ACTUALLY IS.  YOU SHOULD NOT DISCLOSE ANY NOTES TAKEN TO ANYONE OTHER THAN A FELLOW JUROR.

YOU WERE NOT OBLIGATED TO TAKE NOTES.  IF YOU DID NOT TAKE NOTES YOU SHOULD NOT BE INFLUENCED BY THE NOTES OF

8

ANOTHER JUROR, BUT INSTEAD SHOULD RELY UPON YOUR OWN

RECOLLECTION OF THE EVIDENCE.

### III.   CREDIBILITY OF WITNESSES/ WEIGHT OF TESTIMONY IN GENERAL.

IN GENERAL

YOU MUST CONSIDER ALL OF THE EVIDENCE, BUT THIS DOES NOT MEAN YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.  YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OF THE WITNESSES AND THE WEIGHT THEIR TESTIMONY DESERVES.

YOU MAY BE GUIDED BY THE APPEARANCE AND CONDUCT OF THE WITNESS, BY THE MANNER IN WHICH THE WITNESS TESTIFIES, BY THE CHARACTER OF THE TESTIMONY GIVEN AND BY EVIDENCE OR TESTIMONY TO THE CONTRARY.

YOU SHOULD CAREFULLY SCRUTINIZE ALL THE TESTIMONY GIVEN, THE CIRCUMSTANCES UNDER WHICH EACH WITNESS HAS TESTIFIED, AND EVERY MATTER IN EVIDENCE WHICH TENDS TO SHOW WHETHER A WITNESS IS WORTHY OF BELIEF.  CONSIDER EACH WITNESS'S INTELLIGENCE, MOTIVE, STATE OF MIND, AND DEMEANOR OR MANNER WHILE ON THE STAND.  CONSIDER THE WITNESS'S ABILITY TO HAVE OBSERVED THE MATTERS AS TO WHICH HE OR SHE HAS TESTIFIED, AND WHETHER HE OR SHE

IMPRESSES YOU AS HAVING AN ACCURATE RECOLLECTION OF

THESE MATTERS. CONSIDER ANY BUSINESS, PERSONAL OR

OTHER RELATIONSHIP A WITNESS MIGHT HAVE WITH EITHER SIDE

OF THE CASE; THE MANNER IN WHICH EACH WITNESS MIGHT BE

AFFECTED BY THE VERDICT; AND THE EXTENT TO WHICH, IF AT

ALL, EACH WITNESS IS EITHER SUPPORTED OR CONTRADICTED BY

OTHER EVIDENCE IN THE CASE.

INCONSISTENCIES OR DISCREPANCIES

CONSIDER INCONSISTENCIES OR DISCREPANCIES IN THE

TESTIMONY OF A WITNESS OR BETWEEN DIFFERENT WITNESSES,

WHICH MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH

TESTIMONY.  TWO OR MORE PERSONS WITNESSING AN INCIDENT

OR A TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY, AND

INNOCENT MIS-RECOLLECTION, LIKE FAILURE OF RECOLLECTION,

IS NOT AN UNCOMMON EXPERIENCE.  IN WEIGHING THE EFFECT

OF A DISCREPANCY, ALWAYS CONSIDER WHETHER IT PERTAINS

TO A MATTER OF IMPORTANCE OR AN UNIMPORTANT DETAIL, AND

WHETHER THE DISCREPANCY RESULTS FROM INNOCENT ERROR

11

OR INTENTIONAL FALSEHOOD.

AFTER MAKING YOUR OWN JUDGMENT, GIVE THE TESTIMONY OF EACH WITNESS THE WEIGHT YOU THINK IT DESERVES.  YOU MAY, IN SHORT, ACCEPT OR REJECT THE TESTIMONY OF ANY WITNESS IN WHOLE OR IN PART.

FALSE IN ONE, FALSE IN ALL

IF YOU FIND THAT A WITNESS HAS LIED TO YOU IN ANY MATERIAL PORTION OF HIS OR HER TESTIMONY, YOU MAY DISREGARD THAT WITNESS'S TESTIMONY IN ITS ENTIRETY.  I SAY THAT YOU MAY DISREGARD SUCH TESTIMONY, NOT THAT YOU MUST.  HOWEVER, YOU SHOULD CONSIDER WHETHER THE UNTRUE PART OF THE TESTIMONY WAS THE RESULT OF A MISTAKE OR INADVERTENCE, OR WAS, RATHER, WILLFUL AND STATED WITH A DESIGN OR INTENT TO DECEIVE.

NUMBER OF WITNESSES NOT IMPORTANT

 THE WEIGHT OF THE EVIDENCE IS NOT DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR EITHER SIDE.  YOU MAY

12

FIND THAT THE TESTIMONY OF A SMALL NUMBER OF WITNESSES

AS TO ANY FACT IS MORE CREDIBLE THAN THAT OF A LARGER

NUMBER OF WITNESSES TO THE CONTRARY.


DEPOSITIONS - USE AS EVIDENCE

CERTAIN OUT OF COURT TESTIMONY OF WITNESSES HAS

BEEN PRESENTED TO YOU.  SUCH TESTIMONY WAS GIVEN UNDER

OATH PRIOR TO THIS TRIAL, DURING DEPOSITIONS OF THE

WITNESSES. THIS METHOD IS PERMITTED IN ORDER TO SIMPLIFY

THE PRESENTATION OF THE EVIDENCE, AND YOU SHOULD NOT

REGARD EVIDENCE PRESENTED IN THIS WAY AS ANY DIFFERENT

FROM ANY OTHER ORAL TESTIMONY.  YOU MAY ASSESS THE

CREDIBILITY OF WITNESSES WHO HAVE TESTIFIED BY DEPOSITION

IN THE SAME MANNER AS YOU DO  WITNESSES WHO TESTIFY

DIRECTLY IN OPEN COURT.

<u>BURDEN OF PROOF/PREPONDERANCE OF THE EVIDENCE</u>

THE PLAINTIFF HAS THE BURDEN OF PROOF IN THIS CASE TO PROVE ALL OF THE ELEMENTS OF HER CLAIMS. THIS IS A CIVIL CASE AND PLAINTIFF'S BURDEN I AM TALKING ABOUT IS THE BURDEN TO ESTABLISH EACH ELEMENT OF THE CLAIM BY A PREPONDERANCE OF THE EVIDENCE.

A PREPONDERANCE OF THE EVIDENCE MEANS SUCH EVIDENCE AS, WHEN CONSIDERED AND COMPARED WITH THAT OPPOSED TO IT, HAS MORE CONVINCING FORCE, AND PRODUCES IN YOUR MINDS THE BELIEF THAT WHAT IS SOUGHT TO BE PROVED IS MORE LIKELY TRUE THAN NOT TRUE. THIS RULE DOES NOT, OF COURSE, REQUIRE PROOF TO AN ABSOLUTE CERTAINTY, BECAUSE ABSOLUTE CERTAINTY IS SELDOM IF EVER POSSIBLE. WHEN YOU GO INTO THE JURY ROOM, IMAGINE THAT YOU HAVE ON THE TABLE THE SCALES OF JUSTICE, ON WHICH TWO TRAYS ARE HANGING EVENLY IN BALANCE.  NOW LABEL THE RIGHT HAND TRAY "PLAINTIFF'S TRAY" AND PUT ONTO THAT TRAY ALL OF THE EVIDENCE ON A PARTICULAR CLAIM WHICH YOU FEEL FAVORS PLAINTIFF, GIVING TO THAT EVIDENCE THE WEIGHT THAT YOU

14

BELIEVE IT IS FAIRLY ENTITLED TO RECEIVE.

NEXT PLACE ON "DEFENDANT'S TRAY" ALL OF THE EVIDENCE IN THE CASE THAT FAVORS DEFENDANT'S SIDE OF THAT CLAIM, AGAIN GIVING TO THAT EVIDENCE THE WEIGHT THAT YOU BELIEVE IT IS FAIRLY ENTITLED TO RECEIVE. THE WEIGHT OF THE EVIDENCE IS NOT THE NUMBER OF PERSONS TESTIFYING AGAINST EITHER PARTY, RATHER IT IS THE QUALITY OF THE TESTIMONY GIVEN. FOR EXAMPLE, ONE PERSON WHO SAW AN EVENT AND TESTIFIED ACCURATELY AS TO WHAT WAS SEEN MAY HAVE THE SAME WEIGHT AS TEN PERSONS TESTIFYING TO THE SAME EVENT ON THE OTHER SIDE. THEN, IF PLAINTIFF'S TRAY GOES DOWN, IN OTHER WORDS, IF PLAINTIFF'S TRAY OUTWEIGHS DEFENDANT'S EVIDENCE, PLAINTIFF HAS SUSTAINED HER BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE AND YOUR VERDICT SHOULD BE FOR PLAINTIFF AND AGAINST DEFENDANT ON THAT CLAIM.

<u>DEFENDANT'S STATUS DOES NOT INFER LIABILITY</u>

SIMPLY BECAUSE A DEFENDANT IS SUED DOES NOT MEAN THAT THE DEFENDANT IS LIABLE.  ANYONE CAN FILE A LAWSUIT OR A DISCRIMINATION CHARGE.  THE FACT THAT THE PLAINTIFF HAS FILED THIS LAWSUIT DOES NOT, IN ITSELF, MEAN THAT THE DEFENDANT HAS DONE ANYTHING THAT THE LAW PROHIBITS.  THAT IS FOR YOU TO DECIDE ON THE BASIS OF THE EVIDENCE.

## IV.    SUBSTANTIVE LAW

IN THIS CASE, PLAINTIFF, DR. KRISTINA GERSZTEN, ASSERTS

LEGAL CLAIMS AGAINST DEFENDANT, UPMC CANCER CENTERS,

HER FORMER EMPLOYER, OF WHOM I WILL REFER TO IN THESE

INSTRUCTIONS AS THE CANCER CENTERS.  DR. GERSZTEN

ASSERTS CLAIMS OF SEX DISCRIMINATION AND CLAIMS OF

RETALIATION FOR HAVING ENGAGED IN PROTECTED ACTIVITY.  I

WILL NOW INSTRUCT YOU MORE FULLY ON EACH OF DR.

GERSZTEN'S CLAIMS.


### NATURE OF THE CLAIM – SEX DISCRIMINATION

IN THIS CASE, THE PLAINTIFF, DR. KRISTINA GERSZTEN,

ASSERTS CLAIMS UNDER FEDERAL AND STATE CIVIL RIGHTS

STATUTES THAT PROHIBIT EMPLOYERS FROM DISCRIMINATING

AGAINST AN EMPLOYEE IN THE TERMS AND CONDITIONS OF

EMPLOYMENT BECAUSE OF THE EMPLOYEE'S SEX.

MORE SPECIFICALLY, DR. GERSZTEN CLAIMS THAT SHE WAS

DISCRIMINATED AGAINST BECAUSE OF HER SEX WHEN:

17

(I)  THE CANCER CENTERS DID NOT RENEW OR RENEGOTIATE DR. GERSZTEN'S 2007 EMPLOYMENT AGREEMENT;

(II)  THE CANCER CENTERS DID NOT AWARD DR. GERSZTEN A FULL-TIME RADIATION ONCOLOGY MEDICAL DIRECTOR POSITION AT ST. MARGARET HOSPITAL/NATRONA HEIGHTS; AND WHEN,

(III) THE CANCER CENTERS DID NOT OFFER DR. GERSZTEN A FULL-TIME STAFF PHYSICIAN POSITION AT THE CANCER CENTERS' ST. MARGARET/NATRONA HEIGHTS FACILITY.

THE CANCER CENTERS DENY THAT DR. GERSZTEN WAS DISCRIMINATED AGAINST IN ANY WAY AND ASSERT THAT ALL EMPLOYMENT DECISIONS REGARDING DR. GERSZTEN WERE MADE FOR LEGITIMATE, NON-DISCRIMINATORY, REASONS.  MORE SPECIFICALLY, DEFENDANT ASSERTS THAT:

(I) DR. GERSZTEN'S 2007 EMPLOYMENT AGREEMENT EXPIRED ON ITS OWN TERMS AND WAS NOT RENEWED AFTER DR. GERSZTEN CONVEYED THAT SHE WAS DISSATISFIED WITH HER ROLE AS A COVERAGE PHYSICIAN AND THE BUSINESS NEEDS OF THE ORGANIZATION CHANGED;

18

(II) DR. GERSZTEN WAS NOT AWARDED THE FULL-TIME RADIATION ONCOLOGY MEDICAL DIRECTOR POSITION AT ST. MARGARET/NATRONA HEIGHTS, AS DR. GERSZTEN BELATEDLY EXPRESSED AN INTEREST IN THE POSITION AND IT WAS AWARDED TO A QUALIFIED FULL-TIME PHYSICIAN BETTER SUITED FOR THE POSITION; AND,

(III) DR. GERSZTEN WAS NOT AWARDED THE FULL-TIME STAFF PHYSICIAN POSITION AT THE CANCER CENTERS' ST. MARGARET/NATRONA HEIGHTS FACILITY AS IT WAS AWARDED TO A QUALIFIED FULL-TIME PHYSICIAN BETTER SUITED FOR THE POSITION.

## **ELEMENTS OF PLAINTIFF'S SEX DISCRIMINATION/DISPARATE TREATMENT CLAIM**

AS PREVIOUSLY EXPLAINED, DR. GERSZTEN IS ALLEGING THAT HER 2007 EMPLOYMENT AGREEMENT WAS NOT RENEWED AND SHE WAS NOT SELECTED FOR TWO POSITIONS AT THE CANCER CENTERS BECAUSE SHE IS A WOMAN.  IN ORDER FOR DR. GERSZTEN TO RECOVER ON THIS SEX DISCRIMINATION CLAIM

19

AGAINST THE CANCER CENTERS, DR. GERSZTEN MUST PROVE

THAT THE CANCER CENTERS INTENTIONALLY DISCRIMINATED

AGAINST HER.  THIS MEANS THAT DR. GERSZTEN MUST PROVE

THAT HER SEX WAS A DETERMINATIVE FACTOR IN THE CANCER

CENTERS' DECISIONS TO:  (I) NOT RENEW OR RENEGOTIATE HER

2007 EMPLOYMENT AGREEMENT; (II) AWARD THE ST.

MARGARET/NATRONA HEIGHTS MEDICAL DIRECTOR POSITION TO

DR. RYAN SMITH, AS OPPOSED TO DR. GERSZTEN; OR (III) AWARD

THE STAFF PHYSICIAN POSITION AT ST. MARGARET/NATRONA

HEIGHTS TO ANOTHER PHYSICIAN INSTEAD OF DR. GERSZTEN.

TO PREVAIL ON HER CLAIM REGARDING THE NON-RENEWAL

OF HER EMPLOYMENT AGREEMENT, DR. GERSZTEN MUST PROVE

BOTH OF THE FOLLOWING BY A PREPONDERANCE OF THE

EVIDENCE:

FIRST:  THE CANCER CENTERS FAILED TO RENEW OR

RENEGOTIATE DR. GERSZTEN'S 2007 EMPLOYMENT AGREEMENT;

AND

SECOND:  THE FACT THAT DR. GERSZTEN IS A FEMALE WAS A

DETERMINATIVE FACTOR IN THE CANCER CENTERS' DECISION.

20

TO PREVAIL ON HER CLAIM REGARDING FAILURE TO BE AWARDED THE ST. MARGARET/NATRONA HEIGHTS MEDICAL DIRECTOR POSITION, DR. GERSZTEN MUST PROVE BOTH OF THE FOLLOWING BY A PREPONDERANCE OF THE EVIDENCE:

FIRST:  THE CANCER CENTERS DID NOT HIRE DR. GERSZTEN FOR THE ST. MARGARET/NATRONA HEIGHTS MEDICAL DIRECTOR POSITION; AND

SECOND:  THE FACT THAT DR. GERSZTEN IS A FEMALE WAS A DETERMINATIVE FACTOR IN THE CANCER CENTERS' DECISION. TO PREVAIL ON HER CLAIM REGARDING FAILURE TO BE AWARDED THE STAFF PHYSICIAN POSITION AT ST. MARGARET/NATRONA HEIGHTS, DR. GERSZTEN MUST PROVE BOTH OF THE FOLLOWING BY A PREPONDERANCE OF THE EVIDENCE:

FIRST:  THE CANCER CENTERS DID NOT HIRE DR. GERSZTEN FOR THE ST. MARGARET/NATRONA HEIGHTS STAFF PHYSICIAN POSITION; AND

SECOND:  THE FACT THAT DR. GERSZTEN IS A FEMALE WAS A DETERMINATIVE FACTOR IN THE CANCER CENTERS' DECISION. ALTHOUGH DR. GERSZTEN MUST PROVE THAT THE CANCER

CENTERS ACTED WITH THE INTENT TO DISCRIMINATE AGAINST

HER, DR. GERSZTEN IS NOT REQUIRED TO PROVE THAT THE

CANCER CENTERS ACTED WITH THE PARTICULAR INTENT TO

VIOLATE HER STATE AND FEDERAL CIVIL RIGHTS.  MOREOVER, DR.

GERSZTEN IS NOT REQUIRED TO PRODUCE DIRECT EVIDENCE OF

INTENT, SUCH AS STATEMENTS ADMITTING DISCRIMINATION.

INTENTIONAL DISCRIMINATION MAY BE INFERRED FROM THE

EXISTENCE OF OTHER FACTS.

THE CANCER CENTERS HAS GIVEN A NONDISCRIMINATORY

REASON FOR EACH OF ITS EMPLOYMENT DECISIONS INVOLVING

DR. GERSZTEN.  IF YOU DISBELIEVE THE CANCER CENTERS'

EXPLANATIONS FOR ITS CONDUCT, THEN YOU MAY, BUT NEED

NOT, FIND THAT DR. GERSZTEN HAS PROVED INTENTIONAL

DISCRIMINATION.

IN DETERMINING WHETHER THE CANCER CENTERS' STATED

REASONS FOR ITS ACTIONS WERE A PRETEXT, OR AN EXCUSE,

FOR INTENTIONAL DISCRIMINATION, YOU MAY NOT QUESTION THE

COMPANY'S BUSINESS JUDGMENT.  YOU CANNOT FIND

INTENTIONAL DISCRIMINATION SIMPLY BECAUSE YOU DISAGREE

22

WITH THE BUSINESS JUDGMENT OF THE CANCER CENTERS OR

BELIEVE IT IS HARSH OR UNREASONABLE.  YOU ARE NOT TO

CONSIDER THE CANCER CENTERS' WISDOM.  HOWEVER, YOU MAY

CONSIDER WHETHER THE CANCER CENTERS' REASON IS MERELY

A COVER-UP FOR DISCRIMINATION.

ULTIMATELY, YOU MUST DECIDE WHETHER DR. GERSZTEN

HAS PROVEN THAT HER SEX WAS A DETERMINATIVE FACTOR IN

THE CANCER CENTERS' DECISIONS TO: (I) NOT RENEW OR

RENEGOTIATE DR. GERSZTEN'S 2007 EMPLOYMENT AGREEMENT;

(II) AWARD THE ST. MARGARET/NATRONA HEIGHTS MEDICAL

DIRECTOR POSITION TO DR. RYAN SMITH, AS OPPOSED TO DR.

GERSZTEN; AND (III) AWARD THE ST. MARGARET/NATRONA

HEIGHTS STAFF PHYSICIAN POSITION TO ANOTHER PHYSICIAN

INSTEAD OF DR. GERSZTEN.  "DETERMINATIVE FACTOR" MEANS

THAT, IF NOT FOR DR. GERSZTEN'S SEX, HER EMPLOYMENT

AGREEMENT WOULD HAVE BEEN RENEWED AND SHE WOULD

HAVE RECEIVED THE ST. MARGARET/NATRONA HEIGHTS

POSITIONS.

23

## **NATURE OF THE CLAIM – RETALIATION**

IN THIS CASE, DR. GERSZTEN ALSO CLAIMS THE CANCER CENTERS RETALIATED AGAINST HER WITH RESPECT TO THE TERMS AND CONDITIONS OF HER EMPLOYMENT BECAUSE SHE ENGAGED IN A "PROTECTED ACTIVITY."

MORE SPECIFICALLY, DR. GERSZTEN CLAIMS THAT, BECAUSE SHE MADE AN INTERNAL COMPLAINT OF SEX DISCRIMINATION IN APRIL 2006 AND FILED A COMPLAINT OF SEX AND RETALIATION DISCRIMINATION WITH THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION IN APRIL 2007, THE CANCER CENTERS RETALIATED AGAINST HER BY: (I) FAILING TO RENEW OR RENEGOTIATE HER 2007 EMPLOYMENT; (II) SELECTING DR. RYAN SMITH, AS OPPOSED TO DR. GERSZTEN, FOR THE ST. MARGARET/NATRONA HEIGHTS MEDICAL DIRECTOR POSITION; AND (III) SELECTING ANOTHER PHYSICIAN INSTEAD OF DR. GERSZTEN, FOR THE ST. MARGARET/NATRONA HEIGHTS STAFF PHYSICIAN POSITION. THE CANCER CENTERS DENIES THAT DR. GERSZTEN WAS RETALIATED AGAINST IN ANY WAY, AND HAS PRESENTED EVIDENCE OF  ITS REASONS FOR EACH OF THE ABOVE

ORGANIZATIONAL DECISIONS.

I WILL NOW INSTRUCT YOU MORE FULLY ON THE ISSUES YOU MUST ADDRESS WITH RESPECT TO DR. GERSZTEN'S RETALIATION CLAIM.

## ELEMENTS OF PLAINTIFF'S RETALIATION CLAIMS

DR. GERSZTEN CLAIMS THAT, WHEN THE CANCER CENTERS: (I) FAILED TO RENEW OR RENEGOTIATE HER 2007 EMPLOYMENT AGREEMENT; (II) AWARDED THE ST. MARGARET/NATRONA HEIGHTS MEDICAL DIRECTOR POSITION TO DR. RYAN SMITH, AS OPPOSED TO DR. GERSZTEN; AND (III) AWARDED THE STAFF PHYSICIAN POSITION AT ST. MARGARET/NATRONA HEIGHTS TO ANOTHER PHYSICIAN INSTEAD OF DR. GERSZTEN, THE CANCER CENTERS WERE RETALIATING AGAINST HER FOR ENGAGING IN PROTECTED ACTIVITY.

DR. GERSZTEN'S OVERALL BURDEN ON EACH OF THESE CLAIMS IS TO PROVE THAT A RETALIATORY MOTIVE WAS A DETERMINATIVE FACTOR IN EACH OF THE EMPLOYMENT DECISIONS I JUST DESCRIBED TO YOU.  TO PREVAIL ON EACH OF

HER CLAIMS OF RETALIATION, DR. GERSZTEN MUST INITIALLY

PROVE A *PRIMA FACIE* CASE, WHICH MEANS SHE MUST PROVE

THE FOLLOWING ELEMENTS BY A PREPONDERANCE OF THE

EVIDENCE:

> FIRST: SHE ENGAGED IN A PROTECTED ACTIVITY, WHICH MEANS, IN THIS CASE, THAT SHE OPPOSED A PRACTICE MADE UNLAWFUL BY FEDERAL OR STATE LAW, SUCH AS MAKING A COMPLAINT OF SEX DISCRIMINATION OR RETALIATION; AND

> SECOND: SHE WAS SUBJECTED TO A MATERIALLY ADVERSE ACTION AT THE TIME, OR AFTER, THE PROTECTED CONDUCT TOOK PLACE.

> THIRD: THERE WAS A CAUSAL CONNECTION BETWEEN THE FAILURE TO RENEW HER CONTRACT OR THE REFUSAL TO HIRE HER FOR EITHER THE MEDICAL DIRECTOR OR STAFF PHYSICIAN POSITIONS AND DR. GERSZTEN'S COMPLAINTS OF DISCRIMINATION.

**PROTECTED ACTIVITY**

PROTECTED ACTIVITY UNDER TITLE VII AND THE PHRA

MEANS, IN THIS CASE, THAT DR. GERSZTEN COMMUNICATED

OPPOSITION TO A PRACTICE THAT VIOLATED TITLE VII OR THE

PHRA, OR THAT SHE REASONABLY BELIEVED VIOLATED TITLE VII

OR THE PHRA.  A COMPLAINT WHICH DOES NOT REFER TO

26

UNLAWFUL DISCRIMINATION DIRECTLY OR BY CLEAR INFERENCE

DOES NOT CONSTITUTE PROTECTED ACTIVITY.  THUS, IN ORDER

FOR DR. GERSZTEN TO ESTABLISH THAT SHE ENGAGED IN A

PROTECTED ACTIVITY, WHICH IS ONE OF THE ELEMENTS OF HER

RETALIATION CLAIM, SHE MUST PROVE THAT SHE COMPLAINED TO

THE CANCER CENTERS ABOUT CONDUCT THAT SHE REASONABLY

BELIEVED WAS IN VIOLATION OF THE LAW.

TO RECOVER FOR RETALIATION, DR. GERSZTEN MUST

THEREFORE SHOW THAT, WHEN SHE MADE HER COMPLAINT, SHE

WAS ACTING UNDER A GOOD FAITH, REASONABLE BELIEF THAT A

VIOLATION OF TITLE VII OR THE PHRA EXISTED.  DR. GERSZTEN

NEED NOT PROVE THE MERITS OF THE UNDERLYING

DISCRIMINATION COMPLAINT.  HOWEVER, SHE MUST PROVE THAT

SHE SUBJECTIVELY BELIEVED THAT THE CANCER CENTERS WAS

ENGAGED IN UNLAWFUL EMPLOYMENT PRACTICES *AND* THAT HER

BELIEF WAS OBJECTIVELY REASONABLE IN LIGHT OF THE FACTS

AND RECORD PRESENTED.  IT IS NOT ENOUGH FOR DR. GERSZTEN

TO ALLEGE THAT HER BELIEF IN THIS REGARD WAS HONEST AND

BONA FIDE.  RATHER, THE ALLEGATIONS AND RECORD MUST

27

INDICATE DR. GERSZTEN'S BELIEF, ALTHOUGH PERHAPS MISTAKEN, WAS OBJECTIVELY REASONABLE.

YOU ARE NOT TO CONSIDER EVIDENCE OF ALLEGED DISCRIMINATION AGAINST OTHER WOMEN IN THE CANCER CENTERS FOR PURPOSES OF DETERMINING WHETHER DR. GERSZTEN SUFFERED DISCRIMINATION OR RETALIATION.  THE ONLY PURPOSE FOR WHICH YOU MAY CONSIDER THIS EVIDENCE IS IN EVALUATING WHETHER DR. GERSZTEN, WHEN SHE COMPLAINED ABOUT DISCRIMINATION, HAD A GOOD FAITH REASONABLE BELIEF THAT SHE WAS ENGAGING IN PROTECTED ACTIVITY.

**CAUSATION**

TO RECOVER FOR RETALIATION, DR. GERSZTEN MUST ALSO ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE THAT THERE IS A "CAUSAL CONNECTION" BETWEEN HER PROTECTED ACTIVITY AND THE CANCER CENTERS' DECISIONS TO:  (I) NOT RENEW OR RENEGOTIATE DR. GERSZTEN'S 2007 EMPLOYMENT AGREEMENT; (II) AWARD  THE ST. MARGARET/NATRONA HEIGHTS MEDICAL

28

DIRECTOR POSITION TO DR. RYAN SMITH AND NOT TO DR.

GERSZTEN; OR (III) AWARD THE ST. MARGARET/NATRONA HEIGHTS

STAFF PHYSICIAN POSITION TO ANOTHER PHYSICIAN INSTEAD OF

DR. GERSZTEN.  THE NECESSARY CAUSAL CONNECTION MAY BE

SHOWN IN MANY WAYS.  FOR EXAMPLE, YOU MAY OR MAY NOT

FIND THAT THERE IS A SUFFICIENT CONNECTION THROUGH

TIMING, THAT IS THAT THE CANCER CENTERS' ACTION FOLLOWED

SHORTLY AFTER IT BECAME AWARE OF DR. GERSZTEN'S

COMPLAINT.  CAUSATION IS, HOWEVER, NOT NECESSARILY RULED

OUT BY A MORE EXTENDED PASSAGE OF TIME.  CAUSATION MAY

OR MAY NOT BE PROVEN BY ANTAGONISM SHOWN TOWARD DR.

GERSZTEN OR A CHANGE IN DEMEANOR TOWARD DR. GERSZTEN.

ULTIMATELY, YOU MUST DECIDE WHETHER DR. GERSZTEN'S

OPPOSITION HAD A DETERMINATIVE EFFECT ON THE NON-

RENEWAL OF HER EMPLOYMENT AGREEMENT AND THE FAILURE

TO AWARD DR. GERSZTEN POSITIONS WITH THE CANCER

CENTERS' ST. MARGARET HOSPITAL/NATRONA HEIGHTS

PRACTICE.  "DETERMINATIVE EFFECT" MEANS THAT, IF NOT FOR

DR. GERSZTEN'S OPPOSITION TO PRACTICES SHE BELIEVED WERE

29

UNLAWFUL, THE CANCER CENTERS' WOULD NOT HAVE MADE THE
DECISIONS IT DID WITH RESPECT TO DR. GERSZTEN'S
EMPLOYMENT.

### PRETEXT –RETALIATION CLAIM

IF DR. GERSZTEN ESTABLISHES EACH ELEMENT OF EACH OF
HER CLAIMS OF RETALIATION, THEN THE CANCER CENTERS MUST
ARTICULATE A LEGITIMATE NON-RETALIATORY REASON FOR EACH
OF ITS EMPLOYMENT DECISIONS REGARDING DR. GERSZTEN.  THE
CANCER CENTERS HAS ARTICULATED A NON-RETALIATORY
REASON FOR NOT RENEWING OR RENEGOTIATING DR.
GERSZTEN'S 2007 EMPLOYMENT AGREEMENT, NAMELY THAT DR.
GERSZTEN CONVEYED THAT SHE WAS DISSATISFIED WITH HER
ROLE AS A COVERAGE PHYSICIAN AND THE BUSINESS NEEDS OF
THE ORGANIZATION CHANGED.  THE CANCER CENTERS HAS
ARTICULATED A NON-RETALIATORY REASON FOR NOT OFFERING
DR. GERSZTEN THE ST. MARGARET/NATRONA HEIGHTS MEDICAL
DIRECTOR POSITION, NAMELY, THAT DR. GERSZTEN BELATEDLY
EXPRESSED AN INTEREST IN THE POSITION AND IT WAS AWARDED

30

TO A QUALIFIED FULL-TIME PHYSICIAN BETTER SUITED FOR THE

POSITION.  FINALLY, THE CANCER CENTERS HAS ARTICULATED A

NONRETALIATORY REASON FOR NOT OFFERING DR. GERSZTEN

THE ST. MARGARET/NATRONA HEIGHTS STAFF PHYSICIAN

POSITION, NAMELY, IT WAS AWARDED TO A QUALIFIED FULL-TIME

PHYSICIAN BETTER SUITED FOR THE POSITION.   DR. GERSZTEN

MAY STILL PREVAIL, HOWEVER, IF SHE PROVES THAT THE CANCER

CENTERS' GIVEN REASON FOR EACH EMPLOYMENT DECISION WAS

A PRETEXT – WHICH MEANS THE GIVEN REASON IS FALSE OR

MADE-UP.

DR. GERSZTEN MAY SHOW PRETEXT BY PROVING THAT A

RETALIATORY MOTIVE MORE LIKELY MOTIVATED THE CANCER

CENTERS OR BY SHOWING THAT THE CANCER CENTERS'

EXPLANATION IS UNWORTHY OF BELIEF.  WITH RESPECT TO DR.

GERSZTEN'S RETALIATION CLAIM, THIS MEANS THAT DR.

GERSZTEN MUST DEMONSTRATE, BY A PREPONDERANCE OF THE

EVIDENCE, THAT BUT FOR THE FACT SHE ENGAGED IN A

PROTECTED ACTIVITY, *I.E.*, OPPOSED WHAT SHE BELIEVED TO BE

UNLAWFUL DISCRIMINATION, THE CANCER CENTERS' WOULD NOT

31

HAVE: (I) FAILED TO RENEW OR RENEGOTIATE HER 2007

EMPLOYMENT AGREEMENT; OR (II) AWARDED THE ST.

MARGARET/NATRONA HEIGHTS MEDICAL DIRECTOR POSITION TO

DR. RYAN SMITH, AS OPPOSED TO DR. GERSZTEN; OR (III)

AWARDED THE ST. MARGARET/NATRONA HEIGHTS STAFF

PHYSICIAN POSITION TO DR. HEATHER JONES, AS OPPOSED TO

DR. GERSZTEN.  AT ALL TIMES, THE BURDEN OF PROOF IS ON DR.

GERSZTEN TO SHOW THAT HER PROTECTED ACTIVITY PLAYED A

ROLE IN THE CANCER CENTERS' DECISION MAKING PROCESS AND

THAT IT HAD A DETERMINATIVE EFFECT ON THE OUTCOME OF THE

PROCESS.


**PLAINTIFF'S CONTRACT**

THE EVIDENCE IN THIS CASE IS THAT SECTION 9.0 OF THE

CONTRACT WHICH DR. GERSZTEN SIGNED WITH THE CANCER

CENTERS EXPRESSLY PROVIDED THAT IT WOULD TERMINATE ON

JUNE 30, 2007.   WHILE THE CANCER CENTERS HAD NO LEGAL

OBLIGATION TO RENEW HER CONTRACT, IF THE REASON FOR ITS

DECISION NOT TO RENEW DR. GERSZTEN'S CONTRACT WAS HER

SEX OR HER COMPLAINT OF DISCRIMINATION, UNDER THE

INSTRUCTIONS I HAVE GIVEN YOU, THEN THAT DECISION WOULD

BE A VIOLATION OF THE FEDERAL AND STATE EMPLOYMENT

DISCRIMINATION LAWS, EVEN THOUGH THE CANCER CENTERS

HAD A RIGHT NOT TO RENEW THE CONTRACT.

### **EFFECT OF INSTRUCTIONS AS TO DAMAGES**

IF, AFTER CONSIDERING THE EVIDENCE, YOU FIND THAT THE

CANCER CENTERS (1) DISCRIMINATED AGAINST DR. GERSZTEN

BECAUSE OF HER SEX, OR (2) RETALIATED AGAINST HER BECAUSE

SHE ENGAGED IN PROTECTED ACTIVITY, THEN YOU MUST

DETERMINE WHAT DAMAGES DR. GERSZTEN IS TO BE AWARDED.

THE FACT THAT I WILL INSTRUCT YOU AS TO THE PROPER

MEASURES OF DAMAGES SHOULD NOT BE CONSIDERED AS A

SUGGESTION THAT YOU SHOULD FIND IN FAVOR OF DR.

GERSZTEN.  IF YOU FIND IN FAVOR OF THE CANCER CENTERS,

YOU WILL NOT NEED TO CONSIDER DAMAGES.  INSTRUCTIONS ON

DAMAGES ARE GIVEN FOR YOUR GUIDANCE, IN THE EVENT THAT
YOU FIND IN FAVOR OF DR. GERSZTEN FROM A PREPONDERANCE
OF THE EVIDENCE IN ACCORDANCE WITH THE OTHER
INSTRUCTIONS GIVEN TO YOU PREVIOUSLY.

**COMPENSATORY DAMAGES**

IF, AFTER CONSIDERING THE EVIDENCE, YOU FIND THAT THE
CANCER CENTERS (1) DISCRIMINATED AGAINST DR. GERSZTEN
BECAUSE OF HER SEX, OR (2) RETALIATED AGAINST HER BECAUSE
SHE ENGAGED IN  PROTECTED ACTIVITY, THEN YOU MUST ALSO
CONSIDER THE ISSUE OF COMPENSATORY DAMAGES.  YOU MUST
AWARD DR. GERSZTEN AN AMOUNT THAT WILL FAIRLY
COMPENSATE HER FOR ANY INJURY SHE ACTUALLY SUSTAINED AS
A RESULT OF THE CANCER CENTERS' UNLAWFUL CONDUCT.  THE
DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION, NO
MORE AND NO LESS.  THE AWARD OF COMPENSATORY DAMAGES
IS MEANT TO PUT THE PLAINTIFF IN THE POSITION SHE WOULD
HAVE OCCUPIED IF THE INTENTIONAL DISCRIMINATION OR

RETALIATION HAD NOT OCCURRED.  DR. GERSZTEN HAS THE

BURDEN OF PROVING DAMAGES BY A PREPONDERANCE OF THE

EVIDENCE.

DR. GERSZTEN MUST SHOW THAT THE INJURY SHE ALLEGES

WOULD NOT HAVE OCCURRED WITHOUT THE CANCER CENTERS'

CONDUCT.  DR. GERSZTEN MUST ALSO SHOW THAT THE CANCER

CENTERS' CONDUCT PLAYED A SUBSTANTIAL PART IN BRINGING

ABOUT THE INJURY, AND THAT THE INJURY WAS EITHER A DIRECT

RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE

CANCER CENTERS' CONDUCT.  THIS TEST – A SUBSTANTIAL PART

IN BRINGING ABOUT THE INJURY – IS TO BE DISTINGUISHED FROM

THE TEST YOU MUST EMPLOY IN DETERMINING WHETHER THE

CANCER CENTERS' ACTIONS WERE MOTIVATED BY AN INTENT TO

DISCRIMINATE OR RETALIATE.  IN OTHER WORDS, EVEN ASSUMING

THAT THE CANCER CENTERS' ACTIONS WERE MOTIVATED BY AN

INTENT TO DISCRIMINATE OR RETALIATE, DR. GERSZTEN IS NOT

ENTITLED TO DAMAGES FOR AN INJURY UNLESS THE CANCER

CENTERS' DISCRIMINATORY OR RETALIATORY ACTIONS ACTUALLY

PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT THAT INJURY.

35

IN DETERMINING THE AMOUNT OF ANY COMPENSATORY DAMAGES THAT YOU DECIDE TO AWARD, YOU SHOULD BE GUIDED BY COMMON SENSE.  YOU MUST USE SOUND JUDGMENT IN FIXING AN AWARD OF COMPENSATORY DAMAGES, DRAWING REASONABLE INFERENCES FROM THE FACTS IN EVIDENCE.  YOU MAY NOT AWARD DAMAGES BASED ON SYMPATHY, SPECULATION, OR GUESSWORK.

IF YOU FIND THAT THE CANCER CENTERS UNLAWFULLY DISCRIMINATED OR RETALIATED AGAINST DR. GERSZTEN, YOU MAY AWARD HER DAMAGES FOR ANY PAIN, SUFFERING, OR MENTAL ANGUISH THAT SHE EXPERIENCED AS A CONSEQUENCE OF THE CANCER CENTERS' UNLAWFUL CONDUCT.  NO EVIDENCE OF THE MONETARY VALUE OF SUCH INTANGIBLE THINGS AS PAIN AND SUFFERING HAS BEEN, OR NEED BE, INTRODUCED INTO EVIDENCE.  THERE IS NO EXACT STANDARD FOR FIXING THE COMPENSATION TO BE AWARDED FOR THESE ELEMENTS OF DAMAGE.  ANY AWARD YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE PRESENTED AT THE TRIAL.

36

I INSTRUCT YOU THAT IN AWARDING COMPENSATORY

DAMAGES, YOU ARE NOT TO AWARD DAMAGES FOR THE AMOUNT

OF WAGES THAT DR. GERSZTEN WOULD HAVE EARNED, EITHER IN

THE PAST OR IN THE FUTURE, IF SHE HAD CONTINUED IN

EMPLOYMENT WITH THE CANCER CENTERS.  THESE ELEMENTS OF

RECOVERY OF WAGES THAT DR. GERSZTEN WOULD HAVE

RECEIVED FROM THE CANCER CENTERS ARE CALLED "BACK PAY"

AND "FRONT PAY."  YOU, THE JURY, WILL ALSO DETERMINE THE

AMOUNT OF "BACK PAY," AND THE AMOUNT OF "FRONT PAY," IF

ANY, TO BE AWARDED, BUT "BACK PAY" AND "FRONT PAY" ARE TO

BE AWARDED SEPARATELY UNDER INSTRUCTIONS THAT I WILL

SOON GIVE YOU, AND ANY AMOUNTS FOR "BACK PAY" AND "FRONT

PAY" ARE TO BE ENTERED SEPARATELY ON THE VERDICT FORM.

AS I INSTRUCTED YOU PREVIOUSLY, DR. GERSZTEN HAS THE

BURDEN OF PROVING DAMAGES BY A PREPONDERANCE OF THE

EVIDENCE.  BUT THE LAW DOES NOT REQUIRE THAT A PLAINTIFF

PROVE THE AMOUNT OF LOSSES WITH MATHEMATICAL PRECISION;

IT REQUIRES ONLY AS MUCH DEFINITENESS AND ACCURACY AS

CIRCUMSTANCES PERMIT.

37

YOU ARE FURTHER INSTRUCTED THAT DR. GERSZTEN HAS A DUTY UNDER THE LAW TO "MITIGATE" HER DAMAGES – THAT MEANS THAT DR. GERSZTEN MUST TAKE ADVANTAGE OF ANY REASONABLE OPPORTUNITY THAT MAY HAVE EXISTED UNDER THE CIRCUMSTANCES TO REDUCE OR MINIMIZE THE LOSS OR DAMAGE CAUSED BY THE CANCER CENTERS, IF ANY.  IT IS THE CANCER CENTERS' BURDEN TO PROVE THAT DR. GERSZTEN HAS FAILED TO MITIGATE.  SO, IF THE CANCER CENTERS PERSUADES YOU, BY A PREPONDERANCE OF THE EVIDENCE, THAT DR. GERSZTEN FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY THAT WAS REASONABLY AVAILABLE TO HER, THEN YOU MUST REDUCE THE AMOUNT OF DR. GERSZTEN'S DAMAGES BY THE AMOUNT THAT COULD HAVE BEEN REASONABLY OBTAINED IF SHE HAD TAKEN ADVANTAGE OF SUCH AN OPPORTUNITY.

**BACK PAY**

IF, AFTER CONSIDERATION OF THE EVIDENCE, YOU FIND THAT THE CANCER CENTERS: (1) DISCRIMINATED AGAINST DR. GERSZTEN BECAUSE OF HER SEX, OR (2) RETALIATED AGAINST

38

HER BECAUSE SHE ENGAGED IN A PROTECTED ACTIVITY, THEN

YOU MUST DETERMINE THE AMOUNT OF LOST WAGES THAT THE

CANCER CENTERS' ACTIONS HAVE CAUSED DR. GERSZTEN.  DR.

GERSZTEN HAS THE BURDEN OF PROVING DAMAGES BY A

PREPONDERANCE OF THE EVIDENCE.  YOU MAY AWARD AS

ACTUAL DAMAGES AN AMOUNT THAT REASONABLY COMPENSATES

DR. GERSZTEN FOR ANY LOST WAGES, TAKING INTO

CONSIDERATION ANY INCREASES IN PAY THAT DR. GERSZTEN

WOULD HAVE RECEIVED HAD SHE NOT BEEN THE SUBJECT OF

INTENTIONAL DISCRIMINATION OR RETALIATION.

BACK PAY DAMAGES, IF ANY, APPLY FROM THE TIME DR.

GERSZTEN WAS UNLAWFULLY TERMINATED UNTIL THE DATE OF

YOUR VERDICT.

IF YOU AWARD BACK PAY, YOU ARE INSTRUCTED TO DEDUCT

FROM THE BACK PAY FIGURE WHATEVER WAGES DR. GERSZTEN

HAS OBTAINED, OR REASONABLY COULD HAVE OBTAINED, FROM

OTHER EMPLOYMENT DURING THIS PERIOD.

YOU ARE INSTRUCTED THAT DR. GERSZTEN HAS A DUTY

UNDER THE LAW TO "MITIGATE" HER DAMAGES – THAT IS DR.

GERSZTEN MUST TAKE ADVANTAGE OF ANY REASONABLE

OPPORTUNITY THAT MAY HAVE EXISTED UNDER THE

CIRCUMSTANCES TO REDUCE OR MINIMIZE THE LOSS OR DAMAGE

CAUSED BY DEFENDANT.  WITH RESPECT TO LOST PAY, THE

TYPICAL METHOD OF MITIGATING DAMAGES IS OBTAINING OTHER

EMPLOYMENT.  IT IS THE CANCER CENTERS' BURDEN TO PROVE

THAT DR. GERSZTEN HAS FAILED TO MITIGATE.  SO, IF THE

CANCER CENTERS' PERSUADE YOU, BY A PREPONDERANCE OF

THE EVIDENCE, THAT DR. GERSZTEN FAILED TO OBTAIN

SUBSTANTIALLY EQUIVALENT JOB OPPORTUNITIES THAT WERE

REASONABLY AVAILABLE TO HER, YOU MUST REDUCE ANY AWARD

OF DAMAGES BY THE AMOUNT OF WAGES THAT DR. GERSZTEN

REASONABLY WOULD HAVE EARNED IF SHE HAD OBTAINED THOSE

OPPORTUNITIES.

### FRONT PAY

YOU MAY DETERMINE SEPARATELY A MONETARY AMOUNT

EQUAL TO THE PRESENT VALUE OF ANY FUTURE WAGES AND

BENEFITS THAT DR. GERSZTEN WOULD REASONABLY HAVE

EARNED FROM THE CANCER CENTERS HAD THE CANCER

CENTERS NOT: (I) FAILED TO RENEW OR RENEGOTIATE HER 2007

EMPLOYMENT AGREEMENT; (II) AWARDED THE ST.

MARGARET/NATRONA HEIGHTS MEDICAL DIRECTOR POSITION TO

DR. RYAN SMITH, AS OPPOSED TO DR. GERSZTEN; OR (III)

AWARDED THE STAFF PHYSICIAN POSITION AT ST.

MARGARET/NATRONA HEIGHTS TO ANOTHER PHYSICIAN INSTEAD

OF DR. GERSZTEN FOR THE PERIOD OF TIME FROM THE DATE OF

YOUR VERDICT THROUGH A REASONABLE PERIOD OF TIME IN THE

FUTURE.  FROM THIS FIGURE YOU MUST SUBTRACT THE AMOUNT

OF EARNINGS AND BENEFITS DR. GERSZTEN WILL RECEIVE FROM

OTHER EMPLOYMENT DURING THAT TIME.  DR. GERSZTEN HAS

THE BURDEN OF PROVING THESE DAMAGES BY A

PREPONDERANCE OF THE EVIDENCE.

IF YOU FIND THAT DR. GERSZTEN IS ENTITLED TO RECOVER

FOR FUTURE EARNINGS FROM THE CANCER CENTERS, THEN YOU

MUST REDUCE ANY AWARD TO ITS PRESENT VALUE BY

CONSIDERING THE INTEREST THAT DR. GERSZTEN COULD EARN

ON THE AMOUNT ON THE AWARD IF SHE MADE A RELATIVELY RISK-

FREE INVESTMENT.  YOU MUST MAKE THIS REDUCTION BECAUSE

AN AWARD OF AN AMOUNT REPRESENTING FUTURE LOSS OF

EARNINGS IS MORE VALUABLE TO DR. GERSZTEN IF SHE

RECEIVES IT TODAY THAN IF IT WERE RECEIVED AT THE TIME IN

THE FUTURE WHEN IT WOULD HAVE BEEN EARNED.  IT IS MORE

VALUABLE BECAUSE DR. GERSZTEN CAN EARN INTEREST ON IT

FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD

AND THE DATE SHE WOULD HAVE EARNED THE MONEY.  SO, YOU

SHOULD DECREASE THE AMOUNT OF ANY AWARD FOR LOSS OF

FUTURE EARNINGS BY THE AMOUNT OF INTEREST THAT DR.

GERSZTEN CAN EARN ON THAT AMOUNT IN THE FUTURE.

YOU ARE INSTRUCTED THAT DR. GERSZTEN HAS A DUTY

UNDER THE LAW TO "MITIGATE" HER DAMAGES – THAT IS DR.

GERSZTEN MUST TAKE ADVANTAGE OF ANY REASONABLE

OPPORTUNITY THAT MAY HAVE EXISTED UNDER THE

CIRCUMSTANCES TO REDUCE OR MINIMIZE THE LOSS OR DAMAGE

CAUSED BY DEFENDANT.  WITH RESPECT TO LOST PAY, THE

TYPICAL METHOD OF MITIGATING DAMAGES IS OBTAINING OTHER

EMPLOYMENT.  IT IS THE CANCER CENTERS' BURDEN TO PROVE

42

THAT DR. GERSZTEN HAS FAILED TO MITIGATE.  SO, IF THE

CANCER CENTERS' PERSUADE YOU, BY A PREPONDERANCE OF

THE EVIDENCE, THAT DR. GERSZTEN FAILED TO OBTAIN

SUBSTANTIALLY EQUIVALENT JOB OPPORTUNITIES THAT WERE

REASONABLY AVAILABLE TO HER, YOU MUST REDUCE ANY AWARD

OF DAMAGES BY THE AMOUNT OF WAGES THAT DR. GERSZTEN

REASONABLY WOULD HAVE EARNED IF SHE HAD OBTAINED THOSE

OPPORTUNITIES.


### PUNITIVE DAMAGES

DR. GERSZTEN CLAIMS THE ACTS OF THE CANCER CENTERS

WERE DONE WITH MALICE OR RECKLESS INDIFFERENCE TO HER

FEDERALLY PROTECTED RIGHTS AND THAT AS A RESULT THERE

SHOULD BE AN AWARD OF WHAT ARE CALLED "PUNITIVE"

DAMAGES.  A JURY MAY AWARD PUNITIVE DAMAGES TO PUNISH A

DEFENDANT, OR TO DETER THE DEFENDANT AND OTHERS LIKE

THE DEFENDANT FROM COMMITTING SUCH CONDUCT IN THE

FUTURE.

AN AWARD OF PUNITIVE DAMAGES IS PERMISSIBLE IN THIS

CASE ONLY IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE

THAT THOSE RESPONSIBLE FOR: (I) FAILING TO RENEW OR

RENEGOTIATE DR. GERSZTEN'S 2007 EMPLOYMENT AGREEMENT;

(II) AWARDING THE ST. MARGARET/NATRONA HEIGHTS MEDICAL

DIRECTOR POSITION TO DR. RYAN SMITH, AS OPPOSED TO DR.

GERSZTEN; OR (III) AWARDING THE ST. MARGARET/NATRONA

HEIGHTS STAFF PHYSICIAN POSITION TO ANOTHER PHYSICIAN

INSTEAD OF DR. GERSZTEN, PERSONALLY ACTED WITH MALICE OR

RECKLESS INDIFFERENCE TO DR. GERSZTEN'S FEDERALLY

PROTECTED RIGHTS.  AN ACTION IS WITH MALICE IF A PERSON

KNOWS THAT IT VIOLATES THE FEDERAL LAW PROHIBITING

DISCRIMINATION AND DOES IT ANYWAY.  AN ACTION IS WITH

RECKLESS INDIFFERENCE IF TAKEN WITH KNOWLEDGE THAT IT

MAY VIOLATE THE LAW.

BUT, EVEN IF YOU MAKE A FINDING THAT THERE HAS BEEN

AN ACT OF DISCRIMINATION UNDERTAKEN WITH MALICE OR

RECKLESS DISREGARD OF DR. GERSZTEN'S FEDERAL RIGHTS,

YOU CANNOT AWARD PUNITIVE DAMAGES IF THE CANCER

44

CENTERS PROVES BY A PREPONDERANCE OF THE EVIDENCE THAT

IT MADE A GOOD FAITH ATTEMPT TO COMPLY WITH THE LAW, BY

ADOPTING POLICIES AND PROCEDURES DESIGNED TO PREVENT

UNLAWFUL DISCRIMINATION SUCH AS THAT ALLEGED BY DR.

GERSZTEN.

AN AWARD OF PUNITIVE DAMAGES IS DISCRETIONARY; THAT

IS, IF YOU FIND THAT THE LEGAL REQUIREMENTS FOR PUNITIVE

DAMAGES ARE SATISFIED AND THAT THE CANCER CENTERS HAS

NOT PROVED THAT IT MADE A GOOD-FAITH ATTEMPT TO COMPLY

WITH THE LAW, THEN YOU MAY DECIDE TO AWARD PUNITIVE

DAMAGES, OR YOU MAY DECIDE NOT TO AWARD THEM.  I WILL

NOW DISCUSS SOME CONSIDERATIONS THAT SHOULD GUIDE

YOUR EXERCISE OF THIS DISCRETION.

IF YOU HAVE FOUND THE ELEMENTS PERMITTING PUNITIVE

DAMAGES, AS DISCUSSED IN THIS INSTRUCTION, THEN YOU

SHOULD CONSIDER THE PURPOSES OF PUNITIVE DAMAGES.  THE

PURPOSES OF PUNITIVE DAMAGES ARE TO PUNISH A DEFENDANT

FOR MALICIOUS OR RECKLESS DISREGARD OF FEDERAL RIGHTS,

OR TO DETER A DEFENDANT AND OTHERS LIKE THE DEFENDANT

FROM DOING SIMILAR THINGS IN THE FUTURE, OR BOTH.  THUS,

YOU MAY CONSIDER WHETHER TO AWARD PUNITIVE DAMAGES TO

PUNISH THE CANCER CENTERS.  YOU SHOULD ALSO CONSIDER

WHETHER ACTUAL DAMAGES STANDING ALONE ARE SUFFICIENT

TO DETER OR PREVENT THE CANCER CENTERS FROM AGAIN

PERFORMING ANY WRONGFUL ACTS IT MAY HAVE PERFORMED.

FINALLY, YOU SHOULD CONSIDER WHETHER AN AWARD OF

PUNITIVE DAMAGES IN THIS CASE IS LIKELY TO DETER OTHERS

FROM PERFORMING WRONGFUL ACTS SIMILAR TO THOSE THE

CANCER CENTERS MAY HAVE COMMITTED.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THEN YOU

SHOULD ALSO CONSIDER THE PURPOSES OF PUNITIVE DAMAGES

IN DECIDING THE AMOUNT OF PUNITIVE DAMAGES TO AWARD.

THAT IS, IN DECIDING THE AMOUNT OF PUNITIVE DAMAGES, YOU

SHOULD CONSIDER THE DEGREE TO WHICH THE CANCER

CENTERS SHOULD BE PUNISHED FOR ITS WRONGFUL CONDUCT,

AND THE DEGREE TO WHICH AN AWARD OF ONE SUM OR

ANOTHER WILL DETER THE CANCER CENTERS OR OTHERS FROM

COMMITTING SIMILAR WRONGFUL ACTS IN THE FUTURE.

46

## V.   PROCESS OF JURY DELIBERATION

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE.  IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TO REACHING AN AGREEMENT, IF YOU CAN DO SO, WITHOUT VIOLATION TO INDIVIDUAL JUDGMENT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED IT IS ERRONEOUS.  BUT DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES YOU ARE NOT PARTISANS.  YOU ARE JUDGES -- JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS

47

TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

UPON RETIRING TO THE JURY ROOM YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESPERSON HERE IN COURT. YOU CAN MAKE THIS SELECTION AND CONDUCT YOUR DELIBERATIONS IN WHATEVER MANNER YOU THINK BEST, BUT I OFFER SOME SUGGESTIONS THAT OTHER JURIES HAVE FOUND HELPFUL TO ALLOW FULL PARTICIPATION BY ALL JURORS AND TO ARRIVE AT A VERDICT THAT SATISFIES EVERYONE.

THE FOREPERSON SHOULD ENCOURAGE OPEN COMMUNICATION, COOPERATION AND PARTICIPATION BY ALL JURORS, AND BE WILLING AND ABLE TO FACILITATE DISCUSSIONS WHEN DISAGREEMENTS AND DISPUTES ARISE.

THE FOREPERSON SHOULD LET EACH OF YOU SPEAK AND BE HEARD BEFORE EXPRESSING HER OR HIS VIEWS.

THE FOREPERSON SHOULD NEVER ATTEMPT TO PROMOTE OR PERMIT ANYONE ELSE TO PROMOTE HIS OR HER PERSONAL OPINIONS BY COERCION OR BULLYING.

48

THE FOREPERSON SHOULD MAKE SURE THAT DELIBERATIONS ARE NOT RUSHED.

SOME PEOPLE ARE BETTER AT FACILITATING THAN OTHERS, AND IF IT BECOMES CLEAR THAT SOMEONE ELSE WOULD BE A MORE EFFECTIVE FOREPERSON, YOU MIGHT WANT TO CONSIDER SELECTING A DIFFERENT PERSON, WITH NO HARD FEELINGS.

YOU ALSO MAY THINK IT WISE TO SELECT A SECRETARY TO RECORD VOTES, WHICH SHOULD PROBABLY BE CAST BY SECRET BALLOT, AND TO KEEP TRACK OF WHETHER EVERYONE HAS SPOKEN.

SOME JURIES THINK IT WILL BE USEFUL TO TAKE A PRELIMINARY VOTE BEFORE DISCUSSIONS ARE STARTED, BUT THAT HAS NOT BEEN THE EXPERIENCE AROUND HERE.  SUCH AN EARLY VOTE OFTEN PROVES COUNTER-PRODUCTIVE FOR SEVERAL REASONS, INCLUDING THAT IT TENDS TO "LOCK-IN" A PARTICULAR POINT OF VIEW BEFORE ALTERNATIVE POINTS OF VIEW ARE COVERED.

YOU SHOULD LISTEN CAREFULLY AND ATTENTIVELY TO EACH OTHER, AND HEAR WHAT EACH OTHER PERSON IS SAYING

49

BEFORE RESPONDING. DON'T INTERRUPT AND DON'T MONOPOLIZE THE DISCUSSION. SPEAK ONE AT A TIME. BE PATIENT AND RESPECTFUL OF OTHER OPINIONS, AND DON'T TAKE IT PERSONALLY IF SOMEONE DISAGREES WITH YOU.

A VERDICT FORM HAS BEEN PREPARED FOR YOU, AND YOU HAVE REVIEWED A COPY.  YOU WILL TAKE THE ORIGINAL VERDICT FORM TO THE JURY ROOM AND WHEN YOU HAVE REACHED A UNANIMOUS AGREEMENT AS TO YOUR VERDICT, YOU WILL EACH SIGN IT, HAVE YOUR FOREPERSON DATE IT, AND THEN SIGNAL THE BAILIFF THAT YOU ARE PREPARED TO RETURN TO THE COURTROOM.

YOU WILL ALSO BE PROVIDED WITH COPIES OF THESE INSTRUCTIONS FOR YOUR USE DURING DELIBERATIONS.

IF, DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREPERSON, AND PASS THE NOTE TO THE BAILIFF WHO WILL BRING IT TO MY ATTENTION.  AFTER CONSULTING WITH THE LAWYERS, I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE,

EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE

COURTROOM SO THAT I CAN ADDRESS YOU ORALLY.  I CAUTION

YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION

YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY

YOUR NUMERICAL DIVISION AT THE TIME.

IT IS PROPER TO ADD THE CAUTION THAT NOTHING SAID IN

THESE INSTRUCTIONS AND NOTHING IN ANY FORM OF VERDICT

PREPARED FOR YOUR CONVENIENCE IS MEANT TO SUGGEST OR

HINT IN ANY WAY WHAT VERDICT I THINK YOU SHOULD FIND.

WHAT THE VERDICT SHALL BE IS YOUR SOLE AND EXCLUSIVE

DUTY AND RESPONSIBILITY.

YOU WILL NOTE FROM THE OATH ABOUT  TO  BE TAKEN BY

THE BAILIFF THAT HE TOO, AS WELL AS ALL OTHER PERSONS, ARE

FORBIDDEN TO COMMUNICATE IN ANY WAY OR MANNER WITH ANY

MEMBER OF THE JURY ON ANY SUBJECT TOUCHING THE MERITS

OF THE CASE.

[SWEAR BAILIFF AND SEND JURY OUT]